**FILED**
CLERK, U.S. DISTRICT COURT

3/21/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: ___jb___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DANIEL MENDIOLA,<br>　aka "Pollo,"<br>RAUL NARCISO ALBA-DELGADO,<br>　aka "Chevy," and<br>OSCAR GARCIA,<br><br>　　　　Defendants. | CR No. 2:25-cr-00191-FMO<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii): Distribution of and Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(5): Alien in Possession of a Firearm; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 26 U.S.C. § 5861(d): Possession of an Unregistered Short-Barreled Rifle; 26 U.S.C. § 5861(i): Possession of a Firearm Not Identified by a Serial Number; 18 U.S.C. § 922(o)(1): Possession of a Machinegun; 18 U.S.C. § 924, 21 U.S.C. § 853, 26 U.S.C. § 5872, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

## COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS ALBA-DELGADO and GARCIA]

On or about April 12, 2024, in Los Angeles County, within the Central District of California, defendants RAUL NARCISO ALBA-DELGADO, also known as "Chevy," and OSCAR GARCIA, each aiding and abetting the other, knowingly and intentionally distributed at least five grams, that is, approximately 27.9 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANT ALBA-DELGADO]

On or about May 2, 2024, in Los Angeles County, within the Central District of California, defendant RAUL NARCISO ALBA-DELGADO, also known as "Chevy," and an unidentified co-conspirator, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 109.4 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT MENDIOLA]

On or about July 17, 2024, in Los Angeles County, within the Central District of California, defendant DANIEL MENDIOLA, also known as "Pollo," knowingly and intentionally distributed at least 50 grams, that is, approximately 889.8 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT MENDIOLA]

On or about July 23, 2024, in Los Angeles County, within the Central District of California, defendant DANIEL MENDIOLA, also known as "Pollo," knowingly and intentionally distributed at least 50 grams, that is, approximately 442.5 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT MENDIOLA]

On or about August 15, 2024, in Los Angeles County, within the Central District of California, defendant DANIEL MENDIOLA, also known as "Pollo," knowingly and intentionally distributed at least 50 grams, that is, approximately 435.1 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[18 U.S.C. § 922(g)(5)]

[DEFENDANT ALBA-DELGADO]

On or about July 11, 2024, in Los Angeles County, within the Central District of California, defendant ALBA-DELGADO, who was then an alien illegally and unlawfully in the United States, knowingly possessed a firearm, namely, a Taurus Model 86, .38 caliber revolver bearing serial number 720135 in and affecting interstate and foreign commerce.

COUNT SEVEN

[18 U.S.C. § 922(a)(1)(A)]

[DEFENDANT MENDIOLA]

Beginning on or about August 7, 2024, and continuing to at least on or about August 15, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant DANIEL MENDIOLA, also known as "Pollo," not being a licensed importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARMS |
|---|---|
| August 7, 2024 | HI-Point Firearm, model C9, 9mm caliber, semi-automatic pistol, bearing serial number P1659137 |
| August 9, 2024 | (1) A Glock-type, .40 S&W caliber unserialized firearm (commonly referred to as a "ghost gun"); and<br><br>(2) An AR-type, 9mm Luger caliber unserialized rifle with a barrel less than sixteen inches in length |
| August 15, 2024 | (1) Armscor, model M1911 A1-CS, .45 caliber semi-automatic pistol, bearing serial number RIA2414092; and<br><br>(2) ROHM, model RG6, revolver with unknown caliber and unknown serial number |

COUNTS EIGHT THROUGH TEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT MENDIOLA]

On or about the following dates, in Los Angeles County, within the Central District of California, defendant DANIEL MENDIOLA, also known as "Pollo," knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|---|---|---|
| EIGHT | August 7, 2024 | (1) HI-Point Firearm, model C9, 9mm caliber, semi-automatic pistol, bearing serial number P1659137; and (2) Eight rounds of Hornady 9mm Luger caliber ammunition |
| NINE | August 9, 2024 | (1) Two rounds of Hornady .40 S&W caliber ammunition; (2) Two rounds of Federal .40 S&W caliber ammunition; (3) Four rounds of Blazer .40 S&W caliber ammunition; and (4) One round of Winchester .40 ACP caliber ammunition |
| TEN | August 15, 2024 | (1) Armscor, model M1911 A1-CS, .45 caliber semi-automatic pistol, bearing serial number RIA2414092; (2) ROHM, model RG6, revolver with unknown caliber and unknown serial number; (3) 29 rounds of Winchester .45 ACP caliber ammunition; and (4) Five rounds of G.F.L 6.35mm caliber ammunition; |

Defendant MENDIOLA possessed such firearms and ammunition knowing that he had previously been convicted of a felony crime, punishable by a term of imprisonment exceeding one year, namely,

9

Possession with Intent to Distribute a Controlled Substance, in violation of Utah Code Section 58-37-1(1)(a)(iii), in the Fifth District Court – Cedar, Iron County, State of Utah, Case No. 211500308, on or about October 20, 2021.

COUNT ELEVEN

[18 U.S.C. § 922(o)(1)]

[DEFENDANT MENDIOLA]

On or about August 9, 2024, in Los Angeles County, within the Central District of California, defendant DANIEL MENDIOLA, also known as "Pollo," knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), namely, a Glock-type .40 S&W caliber firearm that lacked a serial number (commonly referred to as a "ghost gun"), equipped with a machinegun conversion device (also known as a "Glock switch, "trigger switch," "auto switch," or "auto sear") that was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun, and which defendant MENDIOLA knew to be a machinegun.

COUNT TWELVE

[26 U.S.C. § 5861(d)]

[DEFENDANT MENDIOLA]

On or about August 9, 2024, in Los Angeles County, within the Central District of California, defendant DANIEL MENDIOLA, also known as "Pollo," knowingly possessed a firearm, namely, a privately manufactured AR-type rifle, with a barrel less than sixteen inches in length, bearing no serial number, which defendant MENDIOLA knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant MENDIOLA in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT THIRTEEN

[26 U.S.C. § 5861(i)]

[DEFENDANT MENDIOLA]

On or about August 9, 2024, in Los Angeles County, within the Central District of California, defendant DANIEL MENDIOLA, also known as "Pollo," knowingly possessed a firearm, namely, a privately manufactured AR-type style rifle, with a barrel less than sixteen inches in length, which defendant MENDIOLA knew to be a firearm and short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(2) and 5845(d), and which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53.

1                     FORFEITURE ALLEGATION ONE

2                            [21 U.S.C. § 853]

3       1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, in the event of any defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

        2.   Any defendant so convicted shall forfeit to the United States of America the following:

             (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

             (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

             (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

        3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence;

//

//

(b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Six through Eleven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Twelve or Thirteen of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm involved in any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party;

//
//
//
//

(c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty

                                                A TRUE BILL


                                                /S/
                                                Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDRA MICHAEL
Assistant United States Attorney
Major Frauds Section